UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Anniversary Mining Claims, LLC, <br><br> Plaintiff <br><br> v. <br><br> The Five Star Trust dtd 5/27/2015, et al., <br><br> Defendants | Case No.: 2:19-cv-01781-JAD-VCF <br><br><br> **Order Granting Motions to Dismiss and for Judgment on the Pleadings and Denying Motion for Attorney's Fees** <br><br> [ECF Nos. 44, 51] |

    Plaintiff Anniversary Mining Claims, LLC seeks a declaratory judgment against the California Department of Transportation ("Caltrans") and Kiewit Infrastructure West Co. to quiet title to a 40-acre property located in San Bernardino County, California, asserting that the defendants have claimed ownership interests in the property.[1] Caltrans moves to dismiss, arguing that, among other things, this court lacks personal jurisdiction over it.[2] Kiewit separately moves for judgment on the pleadings and for an award of attorney's fees.[3] Because I find that this court lacks personal jurisdiction over Caltrans, I grant its motion to dismiss. And because Anniversary Mining's material allegation against Kiewit is not in dispute, I grant Kiewit's motion for judgment on the pleadings. But because Kiewit's request for attorney's fees lacks the necessary information under this district's local rules, I deny that request.

---

[1] ECF No. 32 (second-amended complaint) at ¶¶ 10, 66, 70.

[2] ECF No. 44 (Caltrans's motion to dismiss) at 2–3.

[3] ECF Nos. 41 (Kiewit's answer) at ¶ 5; 51 (Kiewit's judgment-on-the-pleadings motion) at 2–3.

# Background[4]

Anniversary Mining, a Nevada limited liability company whose members are citizens and residents of Canada, entered into an agreement with multiple entities, all of which are residents of either California or Nevada, to form Kramer Junction Mining, LLC.[5] After formation, Kramer Junction purchased the surface rights and 25% of the mineral rights in some property in San Bernardino County, California.[6] Eventually it attempted to purchase the remaining mineral rights and also sought permits from the County so it could resell the mineral rights to Kiewit.[7] As part of that process, Kramer Junction's manager also engaged a title company to find and clear any clouds on the property's title.[8] The title company found "no easement with" Caltrans.[9] Caltrans also "got into contact [with Kramer Junction] to get samples in 2016."[10] The permitting and purchasing process was never completed, and soon, the relationship between Anniversary Mining and its partners soured.[11]

Anniversary Mining sues Caltrans, Kiewit, and a host of other defendants, asserting claims for breach of contract, quiet title, unjust enrichment, and breach of fiduciary duty.[12] Of these, the only claim asserted against Caltrans and Kiewit is Anniversary Mining's request for

---

[4] This is merely a summary of facts alleged in the complaint and should not be construed as findings of fact.
[5] ECF No. 32 at ¶¶ 1, 11.
[6] *Id.* at ¶¶ 20, 21, 25.
[7] *Id.* at ¶¶ 40–42.
[8] *Id.* at ¶ 46.
[9] *Id.*
[10] *Id.* at ¶ 51.
[11] *Id.* at ¶¶ 49–55.
[12] *Id.* at ¶¶ 56–83.

2

declaratory relief to quiet title to the property.[13]  Both Caltrans and Kiewit seek to be released from this lawsuit—Caltrans for lack of personal jurisdiction, and Kiewit because it disclaims all interest in the property.  And Kiewit moves for attorney's fees for getting needlessly dragged into this action.

**Discussion**

**I.    Caltrans's motion to dismiss**

The Fourteenth Amendment limits a forum state's power "to bind a nonresident defendant to a judgment of its courts,"[14] and Federal Rule of Civil Procedure 12(b)(2) authorizes a court to dismiss a complaint for lack of personal jurisdiction.  To determine its jurisdictional reach, a federal court must apply the law of the state in which it sits.[15]  Because Nevada's long-arm statute reaches the constitutional ceiling,[16] the question here is whether jurisdiction "comports with the limits imposed by federal due process."[17]  A court may only exercise jurisdiction over a nonresident defendant with sufficient "minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"[18]

Anniversary Mining argues that Caltrans maintains minimum contacts with Nevada because (1) it acquired property in California, (2) Anniversary Mining is organized in Nevada,

---

[13] *Id.* at ¶ 66.

[14] *Walden v. Fiore*, 571 U.S. 277, 283 (2014) (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980)).

[15] *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014) (citing Fed. R. Civ. P. 4(k)(1)(A)).

[16] Nev. Rev. Stat. § 14.065.

[17] *Walden*, 571 U.S. at 283 (quoting *Daimler AG*, 571 U.S. at 125).

[18] *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).

(3) the property "was put on the list of permitted pits for Kiewit in 2015," (4) the Caltrans "highway department got into contact to get samples in 2016," (5) the manager of Kramer Junction is an individual citizen of Nevada, and (6) Caltrans has taken an ownership interest in the property without a "valid and enforceable easement" and "is in association or partnership" with Kiewit "regarding roadwork and other work" on the property.[19] None of these alleged contacts, half of which are unilateral contacts by Anniversary Mining with entities other than Caltrans, allow this court to exercise personal jurisdiction over Caltrans.

The parties do not dispute that this court lacks general personal jurisdiction over these defendants, so I need only evaluate whether this court can exercise specific jurisdiction over them. Specific jurisdiction "focuses on the relationship among the defendant, the forum, and the litigation."[20] This means that "the plaintiff cannot be the only link between the defendant and the forum,"[21] and "[t]he unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State."[22] Courts in the Ninth Circuit apply a three-prong test to resolve whether specific jurisdiction exists.[23] The plaintiff bears the burden of satisfying the first two by showing that (1) the defendant "purposefully avail[ed] himself of the privileges of conducting activities in the forum," "invoking the benefits and protections of its laws," and (2) the claim "arises out of or relates to

---

[19] ECF No. 45 at 3, 9.

[20] *Walden*, 571 U.S. at 283–84 (quoting *Keeton v. Hustler Mag., Inc.*, 465 U.S. 770, 775 (1984)) (internal quotation marks omitted).

[21] *Id.* at 285 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 478 (1985)).

[22] *Hanson v. Denckla*, 357 U.S. 235, 253 (1958).

[23] *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (citing *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987)).

the defendants' forum-related activities."[24] If it does, the burden shifts to the defendant to "present a compelling case" that jurisdiction would be unreasonable.[25] An insufficient showing at any prong requires dismissal.[26]

Anniversary Mining has not demonstrated that Caltrans purposefully availed itself of the privileges of conducting business in Nevada. Half the Nevada contacts that Anniversary Mining relies on are the result of Anniversary Mining's actions, not Caltrans's: the company's purchase of the California property, its own articles of organization being filed in Nevada, and its appointment of a Nevada resident as manager for Kramer Junction are all acts unrelated to Caltrans. Of the other three contacts, one—the grant of a mining permit to Kramer Junction— appears to have been made by San Bernardino County, not Caltrans. Only the remaining two were contacts Anniversary Mining claims Caltrans made, but neither involved Nevada. Assuming that Caltrans took an unauthorized easement over the property, that would not be a contact Caltrans made with Nevada because the property is in California. And Caltrans "g[etting] into contact" with Kramer Junction to "get samples" from the land was not a forum-related activity because the state agency was reaching out to the owner of Californian land about that land. Regardless, the Ninth Circuit has long recognized that "ordinarily use of the . . .

---

[24] *Axiom Foods, Inc. v. Acerchem Int'l., Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017) (quoting *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002)) (internal quotation marks omitted). Courts generally apply the purposeful-availment test to suits sounding in contract or negligence, *Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 460 (9th Cir. 2007), and the purposeful-direction test to intentional torts. *Freestream Aircraft (Bermuda) Ltd. v. Aero Law Grp.*, 905 F.3d 597, 606 (9th Cir. 2018). This lawsuit largely sounds in contract, so I do not address the purposeful-direction test.

[25] *Schwarzenegger*, 374 F.3d at 802 (quoting *Burger King*, 471 U.S. at 477).

[26] *Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 270 (9th Cir. 1995); *Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008) (citing *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1155 (9th Cir. 2006)) ("[I]f the plaintiff fails at the first step, the jurisdictional inquiry ends and the case must be dismissed.").

telephone . . . do[es] not qualify as purposeful activity invoking the benefits and protection of" the forum state.[27]

Anniversary Mining cannot carry its burden to show Caltrans' purposeful availment of the Nevada forum, so my inquiry ends at the first prong. But even if that phone call from Caltrans to a Nevada entity could amount to availment, Anniversary Mining would fail the second prong of the test because the quiet title action does not arise out of that call. So I find that this court lacks personal jurisdiction over Caltrans, and I grant its motion to dismiss.[28]

## II.  Kiewit's motion for judgment on the pleadings

A judgment on the pleadings under Rule 12(c)[29] is appropriate "when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law."[30] Any allegations made by the moving party that have been denied or contradicted are assumed to be false,[31] and the moving party bears the burden of establishing that, "on the face of the pleadings[,]" no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law."[32] A fact is material if it could affect the outcome of

---

[27] *Roth v. Garcia Marquez*, 942 F.2d 617, 622 (9th Cir. 1991).

[28] Because I grant Caltrans's motion to dismiss for want of personal jurisdiction, I need not and do not reach Caltrans's sovereign-immunity argument. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 588 (1999) (holding that a federal court may address personal jurisdiction first when the subject-matter jurisdiction question is not as easily resolved).

[29] Fed. R. Civ. P. 12(c).

[30] *United States v. Teng Jiao Zhou*, 815 F.3d 639, 642 (9th Cir. 2016) (quoting *Fajardo v. Cnty. of L.A.*, 179 F.3d 698, 699 (9th Cir. 1999)) (internal quotation marks omitted).

[31] *Elvig v. Calvin Presbyterian Church*, 375 F.3d 951, 955 (9th Cir. 2004) (citing *Hoeft v. Tucson Unified Sch. Dist.*, 967 F.2d 1298, 1301 n.2 (9th Cir. 1992)).

[32] *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1989).

the case.[33]  A Rule 12(c) motion is the functional equivalent of a Rule 12(b)(6) motion.[34]  As with a Rule 12(b)(6) motion, when ruling on a Rule 12(c) motion, courts "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice."[35]

Anniversary Mining alleges that Kiewit "claims an ownership interest in the property" and seeks a declaratory judgment determining whether Kiewit had "any property interest" in the property.[36]  Kiewit disclaims any ownership interest in the property and similarly seeks a declaration that it has "no interest in the property."[37]  And Anniversary Mining does not oppose Kiewit's judgment-on-the-pleadings motion except to further ask the court to include a "declaration" restricting Kiewit's access to the property without permission.[38]  Because the parties agree that there is no issue of material fact and no issue remaining to try against Kiewit, I find that Kiewit has no interest in the property and thus grant its motion for judgment on the pleadings.  But I decline Anniversary Mining's undeveloped, response-brief request for injunctive relief that it has not demonstrated that it is entitled to.

### III.  Kiewit's motion for attorney's fees

In its motion, Kiewit also seeks attorney's fees for having to defend this action.  This district's Local Rule 54-14 requires that a "motion for attorney's fees must include," among other things, a "reasonable itemization and description of the work performed," a "brief

---

[33] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).
[34] *See Harris v. Orange Cnty.*, 682 F.3d 1126, 1131 (9th Cir. 2012).
[35] *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007).
[36] ECF No. 32 at ¶¶ 14, 66.
[37] ECF No. 41 at ¶ 5; ECF No. 51-1 at 7.
[38] ECF No. 54 at 5.

summary" of the time, labor, novelty, difficulty, and skill required by the work performed, and an attorney affidavit authenticating billing information and confirming that the fees and costs charged are reasonable.[39] The Local Rule states that "[f]ailure to provide" that required information "may be deemed a consent to the denial of the motion."[40] Kiewit's request fails Local Rule 54-14's requirements,[41] so I deem this failure as consent and deny its request for attorney's fees.[42]

### Conclusion

IT IS THEREFORE ORDERED that defendant California Department of Transportation's motion to dismiss **[ECF No. 44] is GRANTED** and the claim against it **is DISMISSED**.

IT IS FURTHER ORDERED that defendant Kiewit Infrastructure West Co.'s motion for judgment on the pleadings **[ECF No. 51] is GRANTED IN PART**. Partial judgment is hereby entered in favor of Kiewit Infrastructure West Co. and against the plaintiff on the claim against Kiewit.

IT IS FURTHER ORDERED that the Clerk of the Court is directed to **TERMINATE California Department of Transportation and Kiewit Infrastructure West Co. as defendants in this matter**.

---

[39] L.R. 54-14(a)-(b).

[40] L.R. 54-14(c).

[41] ECF No. 51-1 at 5–6.

[42] This district's local rules also require the defendants to file a separate motion for "[f]or each type of relief requested or purpose of the document." L.R. IC 2-2(b). A motion for attorney's fees should not be combined into a single document with a motion for judgment on the pleadings.

IT IS FURTHER ORDERED that defendant Kiewit Infrastructure West Co.'s request for attorney's fees **[ECF No. 51] is DENIED**.

_____
U.S. District Judge Jennifer A. Dorsey
August 24, 2021