UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Anniversary Mining Claims, LLC, | Case No.: 2:19-cv-01781-JAD-VCF |
| Plaintiff | |
| v. | **Order Granting Motions to Dismiss** |
| The Five Star Trust dtd 5/27/2015, et al., | [ECF Nos. 59, 60] |
| Defendants | |

Plaintiff Anniversary Mining Claims, LLC brought this quiet-title, breach-of-contract, unjust-enrichment, and breach-of-fiduciary-duty action relating to a 40-acre property located in San Bernardino County, California. Last year, I granted defendant California Department of Transportation's motion to dismiss and defendant Kiewit Infrastructure West Co.'s motion for judgment on the pleadings. The remaining defendants—The Five Star Trust; P8 Equipment, LLC; Eric Christensen; and Chicago Title Co.[1]—now move to dismiss under Federal Rule of Civil Procedure (FRCP) 41(b), arguing that Anniversary Mining hasn't diligently prosecuted its case. Because Anniversary Mining has failed to even begin the discovery process and has missed numerous deadlines set by this district's local rules, I grant the motion and dismiss this case with prejudice.

---

[1] Chicago Title's motion, ECF No. 60, styled as a joinder to the other defendants' motion to dismiss, ECF No. 59, offers no additional substantive arguments and adopts the others' in full, so I only consider the merits of the primary motion to dismiss.

**Discussion**[2]

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.[3] A court may dismiss an action based on a party's failure to prosecute, obey a court order, or comply with local rules.[4] In determining whether to dismiss an action on one of these grounds, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[5] FRCP 41(b) expressly permits a defendant to move to dismiss an action based on failure to prosecute.[6] That rule notes that a dismissal under these circumstances "operates as an adjudication on the merits" unless the court orders otherwise.[7]

Defendants argue that apart from opposing defense-side dispositive motions, Anniversary Mining has done nothing to move this case forward in more than two years.[8] They assert that since the plaintiff filed the operative complaint in April 2020, it has not initiated the scheduling conference or filed a proposed scheduling order or discovery plan.[9] Defendants contend that

---

[2] The parties are familiar with the material facts of this case, so I do not repeat them here. *See* ECF No. 57.

[3] *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

[4] *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

[5] *Henderson*, 779 F.2d at 1423–24; *Ghazali*, 46 F.3d at 53.

[6] Fed. R. Civ. P. 41(b).

[7] *Id.*

[8] ECF No. 59 at 4–5.

[9] *Id.* at 2, 4–5.

because this action remains pending, they are continuously prejudiced, and no less-drastic alternative is viable.[10]  A cursory look at the docket confirms many of defendants' assertions.  It appears that the extent of the plaintiff's proactive involvement in this case has been to amend its complaint twice, once in November 2019 in response to a motion to dismiss and again in April 2020 in response to an order granting another motion to dismiss.[11]  And before the instant motion to dismiss was filed, the plaintiff hadn't filed anything in this case in eight months.

      Anniversary Mining offers only a halfhearted response to the defendants' dismissal arguments.  It contends that a parallel state-court proceeding—in which Christensen is the plaintiff and Anniversary Mining one of the defendants—has been progressing and providing the defendants in this case with "[p]ertinent information," so plaintiff's admitted "delay" in prosecution of this action, while "not ideal," hasn't prejudiced them.[12]  Anniversary Mining further argues that discovery is not mandatory, and dismissal would be too harsh a sanction for its inaction here.[13]  It suggests two less-drastic alternatives: (1) that defendants should instead file a summary-judgment motion so that this case can be decided on its merits, or (2) that this court can order the parties to meet and confer about "whether discovery should in fact commence."[14]

      The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissing Anniversary Mining's

---

[10] *Id.* at 4–5.

[11] ECF No. 7; ECF No. 32.

[12] ECF No. 61 at 2–5; *see Christensen v. Ford*, Nevada Eighth Judicial District Court Case No. A-19-801060-B (filed Aug. 28, 2019).

[13] ECF No. 61 at 3–6.

[14] *Id.* at 6.

3

complaint.  And while the fourth factor, the public policy favoring disposition of cases on their merits, generally weighs against dismissal, a dismissal for failure to prosecute is ordinarily an on-the-merits determination.[15]  So that factor too weighs in favor of dismissal in this case.

The prejudice to defendants in this case also appears great.  They have been forced to remain on guard for litigation to proceed in this case for nearly three years.  Rather than do *anything* to actively prosecute its claims, Anniversary Mining has sat on its hands and acted only in the few situations that otherwise would've resulted in the dismissal of its case.  In the seven months since defendants filed this motion to dismiss for failure to prosecute, Anniversary Mining has taken absolutely no action that would indicate that it ever intends to move forward with its claims.  Instead, it idly suggests I should order the parties to conduct a discovery-planning conference—a conference it was mandated to schedule with defendants two years ago under this district's local rules—or tell the defendants to file a summary-judgment motion.[16]  Such an order in lieu of dismissal is absurd at this stage; it is not the court's job to ensure that plaintiffs follow foundational rules for prosecution of civil cases in this court.  So no less-drastic alternative will remedy the prejudice that defendants face.  All factors weighing in favor of dismissal, I grant the motions to dismiss and dismiss this case with prejudice for want of prosecution.

---

[15] Fed. R. Civ. P. 41(b).

[16] L.R. 26-1(a) ("The . . . plaintiff or plaintiff's attorney must initiate the scheduling of the conference required by Fed. R. Civ. P. 26(f) to be held within 30 days after the first defendant answers or otherwise appears.  Fourteen days after the mandatory Fed. R. Civ. P. 26(f) conference, the parties must submit a stipulated discovery plan and scheduling order.").

**Conclusion**

IT IS THEREFORE ORDERED that defendants' motions to dismiss **[ECF Nos. 59, 60] are GRANTED**. All claims are **DISMISSED with prejudice under Federal Rule of Civil Procedure 41(b)**. The Clerk of Court is directed to **ENTER JUDGMENT accordingly and CLOSE THIS CASE**.

_____
U.S. District Judge Jennifer A. Dorsey
June 14, 2022

5